(Reap. Dec. 8834)

INTRA-MAR TRANSPORT CORP. *v.* UNITED STATES

Entry No. 854418.

(Decided June 13, 1957)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: When the above-enumerated appeal for a reappraisement was called for hearing, there was no appearance on behalf of plaintiff and the case was ordered submitted by the court.

Rule 5 (a) of the rules of the court provides that—

The submission for decision of any case shall be made in open court by the parties thereto or their attorneys, or by stipulation, or by written request to the court, or by the court on its own motion. Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it may be deemed submitted and may be decided by the court on the record as it appears therein.

Accordingly, I have examined the record in the appeal before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper values of the merchandise are the values returned by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 8835)

D. C. ANDREWS & CO., INC. *v.* UNITED STATES

Entry No. 847629.

(Decided June 13, 1957)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: When the above-enumerated appeal for a reappraisement was called for hearing, there was no appearance on behalf of plaintiff and the case was ordered submitted by the court.

Rule 5 (a) of the rules of the court provides that—

The submission for decision of any case shall be made in open court by the parties thereto or their attorneys, or by stipulation, or by written request to the court, or by the court on its own motion. Where the plaintiff, petitioner, or ap-

pellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it may be deemed submitted and may be decided by the court on the record as it appears therein.

Accordingly, I have examined the record in the appeal before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper values of the merchandise are the values returned by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 8836)

R. J. SAUNDERS & Co., INC. v. UNITED STATES

Entry No. 471931.

(Decided June 13, 1957)

*Jordan & Klingaman* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: Presented for the court's determination is the proper dutiable value of certain "ferrocite memory cores," imported from Holland.

By stipulation of the parties hereto, it has been stipulated and agreed that the merchandise in question was erroneously invoiced, entered, and appraised at $90 per 100 units, instead of $9 per 100 units. It was further stipulated and agreed that, on or about the date of exportation of the merchandise involved, such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for home consumption therein or for export to the United States; that such or similar imported merchandise was not at the aforesaid time and under the aforesaid conditions freely offered in the United States for sale for domestic consumption; and that cost of production is the proper basis of appraisement of the involved merchandise, said cost being $9 per 100 units, less sea freight and insurance, as specified on the invoices.

Upon the agreed facts of record, I find and hold that cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f)), is the proper basis of value for the ferrocite memory cores in issue and that said value is $9 per 100 units, less sea freight and insurance, as specified on the invoices.

Judgment will be entered accordingly.